**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Enterasys Networks, Inc.

                v.                              Civil No. 04-cv-209-PB

DNPG, LLC, et al.


## O R D E R

     Plaintiffs move for an entry of an award of fees and costs
under Fed. R. Civ. P. 37(a)(4) with respect to a motion to compel
production of the individual defendants' personal tax returns.
Defendants strenuously object.

### Background

     Plaintiff brought suit against the defendants in several
different counts, including counts against all defendants, on the
basis of fraud (Count IX), unjust enrichment (Count X), Mass.
Gen. Laws 93A (Count XI) and N.H. Rev. Stat. Ann. § 358-A (Count
XII).  Document no. 1.  In their motion to produce the individual
tax returns of the Capozzis, plaintiff reasserted (document no.
33-2) its claim that the Capozzis improperly received $2.9
million from DNPG.  That claim was backed up by an expert's
affidavit.  In its objection defendants opposed the motion by

attacking the expert's knowledge and by characterizing the dispute as contractual.  The relevance of the returns to the four referenced counts is so apparent that I did not think it necessary to enter more than a margin order.  That order has been affirmed.

Scheduling Order

Rule 37(a)(4) provides in pertinent part that:

> the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the . . . nondisclosure, responses or objection was substantially justified . . .

Defendants have requested a hearing.

A hearing will be held on May 31, 2006 at 10:30 a.m. to address the following issues:

1.    Defendants' "substantial justification";

2.    If not justified, against whom should fees and costs be assessed:

       a.    clients;

       b.    counsel; or

       c.    both;

2

3.   Reasonableness of fees:

    a.   billing rates;

    b.   time spent;

        (1) prior to motion;

        (2) directly in connection with motion;

        (3) on appeal;

        (4) on fee motion;

        (5) questions of duplication; and

        (6) adequacy of time allocations.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: May 15, 2006

cc:  Christopher H.M. Carter, Esq.
     Michael J. Connolly, Esq.
     Daniel Miville Deschenes, Esq.
     Matthew R. Johnson, Esq.
     George R. Moore, Esq.