UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Enterasys Networks, Inc.

    v.                                                                   Civil No. 04-cv-209-PB

DNPG, LLC, et al.

**O R D E R**

On November 21, 2005, Plaintiff moved to compel production of Victor and Diane Capozzi's personal tax returns. The Court granted Plaintiff's motion on January 20, 2006. The District Judge affirmed that ruling in an order dated March 7, 2006.

On May 31, 2006, the Court held a hearing on Plaintiff's motion for entry of an award of fees with respect to the motion to compel under Fed. R. Civ. P. 37(a)(4)(A).[1] The Court grants

---

[1] Rule 37(a)(4)(A) provides in pertinent part that:

> the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the . . . nondisclosure, response, or objection was substantially justified . . . .

Fed. R. Civ. P. 37(a)(4)(A).

that motion to the extent specified in this order.

I.  Substantial Justification

In his March 7, 2006 Order affirming my decision on Plaintiff's motion to compel production, Judge Barbadoro stated:

> The nature of this dispute makes the individual tax returns relevant and the record does not demonstrate that the information that makes the returns relevant could have been obtained from other sources. The Magistrate Judge could well have concluded on this record that defendants were not justified in their asserted belief that they were entitled to withhold the returns.

See Document No. 48. After giving the Defendants an opportunity to be heard, the Court is not persuaded otherwise. The Court remains convinced that the individual tax returns are relevant to the Plaintiff's claims and that the individual returns contain information that was not available to Plaintiff before the motion to compel was filed. The Court further notes that Plaintiff offered to address Victor and Diane Capozzi's privacy concerns through a protective order at the outset of the dispute. The Court finds that Defendants have not shown that they were substantially justified in their asserted belief that they were entitled to withhold the returns.

Under Rule 37(a)(4)(A), sanctions may be imposed upon either the party whose conduct necessitated the filing of a motion, the

attorney advising such conduct, or both.  As it appears to the Court that Victor and Diane Capozzi were primarily responsible for causing this discovery dispute, the fee award shall be assessed only against them.

II.  Reasonable Expenses Incurred

In order to recover fees under Rule 37(a)(4)(A), Plaintiff has the burden to document its out-of-pocket expenses and attorneys' fees incurred that are directly related to its discovery motion.  Plaintiff's contemporaneous records must specify the nature of the services provided in order to ensure that there is a proper basis for recovery of the expenses sought. See e.g., Am. Hangar, Inc. v. Basic Line, Inc., 105 F.R.D. 173, 177 (D. Mass. 1985) (denying a request for "support staff fees" under Rule 37(a)(4) because there was no specification as to the nature of the charges).  With respect to a request for attorneys' fees, the Court considers the number of hours reasonably expended on the dispute multiplied by a reasonable hourly rate.  See Gilbrecht v. Barnhart, 535 U.S. 789, 802 (2002).

The calculation of an attorneys' fee award is a matter of judicial discretion.  Hensley v. Eckerhart, 461 U.S. 424, 436-437 (1983); Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1189 (1st

Cir. 1996). Simply providing "[p]roof that time was in fact spent does not foreclose inquiry into the elements of reasonableness or necessity." Browning v. Peyton, 123 F.R.D. 75, 79 (S.D.N.Y. 1988); see also Grendel's Den v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984) (the court subtracts from an attorneys' fee request hours that were "duplicative, unproductive, excessive, or otherwise unnecessary"). A review of the moving party's supporting documentation may demonstrate that the amount of fees requested is excessive "in relation to the nature of the motion and the relief sought." A.I. Trade Fin. v. Centro Int'l Handelsbank, No. 89 Civ. 7664 (PKL), 1994 WL 167955 at *2 (S.D.N.Y. Apr. 29, 1994). In such instances, the fee award must be adjusted accordingly. Id.

Here, Defendants do not challenge the reasonableness of the billing rates included in Plaintiff's fee request, although they do contend that Plaintiff's request of $67,736.04 is grossly excessive and unreasonable in relation to the nature of the discovery dispute.[2] Defendants contend that Plaintiff is only entitled to recover the fees directly related to the drafting and

---

[2]The Court denied as unnecessary Plaintiff's motion for leave to file a post-hearing memorandum in which Plaintiff requested an even greater fee award.

filing of the motion to compel.  Defendants object to Plaintiff's request for fees in the following categories: (1) time periods before and after the drafting and filing of the motion to compel; (2) fees incurred in consultations with experts; (3) case preparation time that is not directly related to the motion to compel; and (4) duplicated time.  I address Defendants' objections by category below.

    A.    <u>Compensable Time Periods</u>

The Local Rules require that parties make a good faith attempt to resolve discovery disputes before filing a motion seeking assistance from the court.  <u>See</u> L.R. 7.1(c).  Where fees are determined to be due from the losing party on a discovery motion, the Court interprets Rule 37(a)(4)(A) to include the reasonable fees incurred in attempting to resolve the dispute prior to filing a motion.  Accordingly, the Court finds that the Plaintiff is entitled to recover expenses reasonably incurred prior to the filing of the motion to compel.  The Court further finds that the reasonable expenses that the Plaintiff incurred in responding to Defendants' appeal of this Court's order to the District Judge is also compensable under Rule 37(a)(4)(A).  <u>See</u> <u>Rickles v. City of South Bend</u>, 33 F.3d 785, 787 (7th Cir. 1994)

("The rationale of fee-shifting rules is that the victor should be made whole--should be as well off as if the opponent had respected his legal rights in the first place.  This cannot be accomplished if the victor must pay for the appeal out of his own pocket.") (emphasis in original).

    B.   Fees Incurred In Consultations With Experts

As part of its fee request, Plaintiff seeks $25,157.54 for consultations with tax and accounting experts in connection with the motion to compel.  Plaintiff argues that it was necessary to engage experts in order to present its arguments regarding the necessity of obtaining the individual defendants' tax returns, and in order to respond to the arguments advanced by the Defendants in order to resist the Plaintiff's discovery efforts. Plaintiff submitted a six-page affidavit from Matthew R. Krafft, a consultant with the firm of Rubino & MeGeehin Consulting Group, Inc., in support of its motion to compel.

Defendants argue that Plaintiff is not entitled to recover any expert witness fees in a fee award under Rule 37(a)(4)(A). Defendant further argues that, even if Plaintiff were entitled to recover any fees for consultations with experts, the amount of fees sought here is excessive.

Federal courts have recognized that "Rule 37(a)(4) is a fee-shifting rule." Rickles, 33 F.3d at 787; see also JSC Foreign Assoc. Technostroyexport v. Int'l Dev. & Trade Servs., Inc., No. 03Civ5562JGKAJP, 2005 WL 1958361 at *13 (S.D.N.Y. Aug. 16, 2005) (citing cases recognizing the "expense-shifting" provisions of Rule 37(a)(4)(A)). The Court finds that the fee-shifting language used in Rule 37(a)(4)(A) is sufficiently broad to include fees incurred by a party who reasonably consults an expert in connection with a motion to compel. See generally, Missouri v. Jenkins ex. rel. Agyei, 491 U.S. 274, 285 (1989) (finding that the phrase "reasonable attorney's fee" as used in 42 U.S.C. § 1988 must take into account the labor of others who contribute to the attorney's work product); Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 701, 716 (3d Cir. 2005) (finding that the purposes of a statutory fee-shifting provision that allowed for an award of "costs of litigation (including reasonable attorney and expert witness fees)" would not be well-served by excluding reimbursement for the fees of non-testifying experts who "educate counsel in a technical matter germane to the suit.").

Defendants cite the decision in Epling v. USB Films, No. 98-

4226-RDR, 2001 WL 1249362 (D. Kan. Sept. 27, 2001), in support of their argument that fees incurred in consultation with experts are not allowed under Rule 37(a)(4)(A).  The Court is not persuaded that Epling requires a ruling in Defendants' favor.

In Epling, the plaintiffs requested an award of expert witness fees incurred to recalculate plaintiffs' damages after the defendant provided additional discovery.  Id. at *5.  In denying the plaintiffs' request, the Court stated in its order that "[n]o provision in Rule 37(a)(4) allows for the recovery of expert witness fees."  Id. at *6.  But that statement cannot be taken in isolation.  Considered in the factual context of the plaintiffs' request, the Court finds Epling distinguishable from the instant case.  Rather than seeking to recover charges billed by an expert after obtaining discovery as in Epling, here Plaintiff contends that it required the assistance of experts in order to obtain the discovery.  The Court shall allow Plaintiff to recover certain of the fees it incurred for consultations with experts in connection with its motion to compel.

The Court agrees with Defendants, however, that the amount Plaintiff requests for consultations with experts is excessive. The Court has conducted a line-by-line review of the invoices

that Plaintiff submitted pertaining to experts' fees.  The Court has reduced the amount to be awarded to account for time entries that appear to be either duplicative or not sufficiently related to the motion to compel.

The Court will allow Plaintiff to recover in its fee award the following time billed by Rubin & McGeehin: 2.5 hours billed by Krafft on 10/20/05; .5 hours billed by Reed on 10/20/05; .25 hours billed by McGeehin on 10/25/05; .75 hours billed by Reed on 10/26/05; .75 hours billed by Krafft on 10/26/05; .5 hours billed by Krafft on 10/27/05; 4 hours billed by Krafft on 11/8/05; 2 hours billed by Reed on 11/9/05; 4 hours billed by Krafft on 11/9/05; 2.5 hours billed by Krafft on 11/10/05; .5 hours billed by Krafft on 11/14/05; 1 hour billed by Krafft on 11/17/05; 1.5 hours billed by Krafft on 1/6/06; 3 hours billed by Krafft on 1/9/06; 3 hours billed by Reed on 1/11/06; 2 hours billed by Reed on 1/16/06; 4.5 hours billed by Krafft on 1/17/06; 2 hours billed by Reed on 1/18/06; 2 hours billed by Krafft on 1/18/06.  Any other time entries on the Rubin & McGeehin billing records that are not specifically addressed above are disallowed.  The Court further notes that it will not include in Plaintiff's fee award the fees reflected on the invoice from Nathan Wechsler & Company

dated February 28, 2006 because the contemporaneous records do not demonstrate that the time spent was directly related to the motion to compel. By the Court's calculation, Plaintiff is entitled to recover $9,551.25 as reasonable expenses incurred in consultations with Rubin & McGeehin directly related to the motion to compel.

    C.    <u>Attorneys' Fees</u>

The Court next considers Plaintiff's request for attorneys' fees. The Court has conducted a line-by-line review of the itemized statements of Hinckley, Allen & Snyder LLP, which Plaintiff submitted in support of its request for a fee award. The Court has reduced the amount to be awarded to account for time entries that are not sufficiently specific for the Court to find that the time was reasonably incurred in connection with the motion to compel, for time entries that appear to reflect duplicative or excessive time spent, and for time entries that appear to reflect case preparation activities that were not directly related to the motion to compel. The amount of time that will be included in Plaintiff's fee award is categorized by the attorney who performed the work next.

1.  <u>Attorney Carter</u>

The Court will allow Plaintiff to recover in its fee award the following time billed by Attorney Carter in 2005: .2 hours on 8/15; .2 hours on 8/16; .2 hours on 8/30; .2 hours on 9/14; .2 hours on 9/27; .5 hours on 9/29; .2 hours on 10/5; .3 hours on 10/6; .2 hours on 10/11; .2 hours on 10/13; .1 hours on 10/18; .3 hours on 10/26; .4 hours on 11/7; 6.2 hours on 11/18; 1 hour on 11/19; 1 hour on 11/20; 5.6 hours on 11/21; .2 hours on 12/27. Any other time entries for 2005 not set forth above are disallowed.  The total amount of time billed by Attorney Carter in 2005 that will be reflected in Plaintiff's fee award is 17.2 hours.  Attorney Carter's hourly rate in 2005 was $250. Therefore, the Court finds that the reasonable fees incurred by Attorney Carter for 2005 is $4,300.

The Court will allow Plaintiff to recover in its fee award the following time billed by Attorney Carter in 2006: 2.1 hours on 1/9; .1 hours on 1/13; 2 hours on 1/17; .1 hours on 1/20; .4 hours on 1/24; 1.2 hours on 1/31; .2 hours on 2/1; .4 hours on 2/3; .3 hours on 2/6; 1.3 hours on 2/7; .5 hours on 2/8; .2 hours on 2/17; .2 hours on 2/20; .3 hours on 2/25; .5 hours on 2/27; 1.2 hours on 3/1; 6.1 hours on 3/2; .9 hours on 3/8.  Any other

time entries for 2006 not set forth above are disallowed.  The total amount of time billed by Attorney Carter in 2006 that will be reflected in Plaintiff's fee award is 18 hours.  Attorney Carter's hourly rate for the 2006 is $290.  Therefore, the Court finds that the reasonable fees incurred by Attorney Carter for 2006 is $5,220.

### 2. Attorney Connolly

The Court will allow Plaintiff to recover in its fee award the following time billed by Attorney Connolly in 2005: .2 hours on 9/19; .3 hours on 9/26; .2 hours on 9/27; .5 hours on 9/29; .5 hours on 9/30; .2 hours on 10/5; .3 hours on 10/6; .2 hours on 10/11; .2 hours on 10/13; .1 hours on 10/18; .4 hours on 10/24; .3 hours on 10/26; .3 hours on 10/28; .1 hours on 11/1; .1 hours on 11/3; .8 hours on 11/7; .2 hours on 11/9; 1.2 hours on 11/10; .2 hours on 11/11; 1.6 hours on 11/15; .2 hours on 11/16; 1.5 hours on 11/16; 1.5 hours on 11/17; .7 hours on 11/21; .5 hours on 12/6; .1 hours on 12/8; .1 hours on 12/16; .1 hours on 12/23.  Any other time entries for 2005 not set forth above are disallowed.  The total amount of time billed by Attorney Connolly in 2005 that will be reflected in Plaintiff's fee award is 12.6 hours.  Attorney Connolly's hourly rate in 2005 was $320.

Therefore, the Court finds that the reasonable fees incurred by Attorney Connolly for 2005 is $4,032.

The Court will allow Plaintiff to recover in its fee award the following time billed by Attorney Connolly in 2006: .2 hours on 1/6; 1.5 hours on 1/9; .1 hours on 1/10; 1.7 hours on 1/16; 2.6 hours on 1/17; .1 hours on 1/20; .2 hours on 2/14; .9 hours on 2/23; .5 hours on 2/25; .2 hours on 2/28.  Any other time entries for 2006 not set forth above are disallowed.  The total amount of time billed by Attorney Connolly in 2006 that will be reflected in Plaintiff's fee award is 8 hours.  Attorney Connolly's hourly rate for 2006 is $340.  Therefore, the Court finds that the reasonable fees incurred by Attorney Connolly for 2006 is $2,720.

        3.    <u>Attorney Deschenes</u>

The Court will allow Plaintiff to recover in its fee award the following time billed by Attorney Deschenes in 2005: 1.1 hours on 10/24; 3.3 hours on 11/15; 1.4 hours on 11/17; 1.3 hours on 11/18; 1.8 hours on 11/21; .9 hours on 12/27.  Any other time entries for 2005 not set forth above are disallowed.  The total amount of time billed by Attorney Deschenes in 2005 that will be reflected in Plaintiff's fee award is 9.8 hours.  Attorney

Deschenes' hourly rate in 2005 was $180. Therefore, the Court finds that the reasonable fees incurred by Attorney Deschenes for 2005 is $1,764.

The Court will allow Plaintiff to recover in its fee award the following time billed by Attorney Deschenes in 2006: .9 hours on 1/3; .8 hours on 1/12; 2.5 hours on 1/13; 4.6 hours on 1/17; .1 hours on 1/24; .4 hours on 2/3; .7 hours on 2/8; 2.9 hours on 2/17; 4.1 hours on 2/25; 1.2 hours on 2/26; .6 hours on 2/27; 1.6 hours on 3/1. Any other time entries for 2006 not set forth above are disallowed. The total amount of time billed by Attorney Deschenes in 2006 that will be reflected in Plaintiff's fee award is 20.4 hours. Attorney Deschenes' hourly rate for 2006 is $200. Therefore, the Court finds that the reasonable fees incurred by Attorney Deschenes for 2006 is $4,080.

    4.   <u>Other Attorneys</u>

The Court will not include in Plaintiff's fee award the fees reflected on the Hinckley, Allen & Snyder LLP invoice for time spent by Attorneys Gillig and Olsen because the Court finds that the contemporaneous records do not demonstrate that the time spent was directly related to the motion to compel.

    5. <u>Total Attorneys' Fees Allowed</u>

In sum, totaling the dollar amount allowed for all attorneys, the Court shall permit Plaintiff to recover in its fee award $22,116.00 as reasonably incurred attorneys' fees in connection with the motion to compel.

III. <u>Total Amount of Fees Awarded</u>

As discussed in detail above, the Court finds that Plaintiff is entitled to recover $9,551.25 as reasonable expenses incurred in consultations with experts and $22,116.00 as reasonable attorneys' fees incurred in connection with the motion to compel. Therefore, the total amount of fees allowed on Plaintiff's motion for entry of fee award is $31,667.25.

<u>Conclusion</u>

For the reasons set forth above, Plaintiff's motion for entry of fee award (document no. 51) is granted in the amount of $31,667.25.

    **SO ORDERED.**

                                        /s/ James R. Muirhead
                                        James R. Muirhead
                                        United States Magistrate Judge

Date: June 12, 2006

```
cc:  Christopher H.M. Carter, Esq.
     Michael J. Connolly, Esq.
     Daniel Miville Deschenes, Esq.
     Matthew R. Johnson, Esq.
     George R. Moore, Esq.
```